NOT DESIGNATED FOR PUBLICATION

No. 123,712

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEREK JAMES FAIRCHILD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed November 24, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., GREEN and ISHERWOOD, JJ.

PER CURIAM: Derek James Fairchild appeals after the district court revoked his probation and imposed his underlying sentence. Recognizing that the district court has the discretion to require him to serve his underlying sentence under the circumstances presented in this case, Fairchild filed a motion for summary disposition instead of briefs under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State did not respond, and we granted Fairchild's motion. As a result, we reviewed the record on appeal to determine whether the district court erred. Based on our review of the record, we conclude that the district court did not abuse its discretion in revoking Fairchild's probation or in requiring him to serve his underlying sentence. Thus, we affirm the district court's decision.

1

On January 9, 2019, as part of a plea agreement, Fairchild entered an *Alford* plea to one count of aggravated battery. The district court found him guilty of the charge and sentenced him to an underlying term of 12 months' imprisonment. In addition, the district court ordered postrelease supervision for a period of 12 months. Even so, the district court suspended the sentence and granted Fairchild's request for probation.

In September 2019, Fairchild admitted to violating the conditions of his probation by failing to participate in treatment programs and by failing to report as directed. The affidavit in support of the revocation also alleged that he became aggressive with his probation officer two times after testing positive for marijuana. After Fairchild admitted to the violations, the district court imposed a 60-day jail sanction and extended the probation term for 24 months.

Less than a year later, the State alleged that Fairchild had once again violated the conditions of his probation by committing a new crime. Specifically, the affidavit supporting the State's motion to revoke probation alleged that on July 8, 2020, Fairchild was convicted of sexual battery in Marshall County. At his probation revocation hearing on February 17, 2021, Fairchild did not contest the allegation that he had been convicted of a new crime. Even so, he requested that the district court allow him to remain on probation after serving a prison sanction.

Fairchild's counsel asserted that her client had recently started to control a mental health condition with medication. Counsel argued that she did not believe that her client should be penalized for a condition that he was seeking to resolve. Fairchild's mother testified that her son was better able to control his emotions since starting the new medication. She also testified regarding her belief that her son would succeed in completing probation if he remained on the medication.

At the conclusion of the hearing, the district court revoked Fairchild's probation and ordered him to serve his underlying prison sentence. In reaching this decision, the district court found:

"That's important, because in conjunction with [the aggressive behavior] we now have an additional crime charged and convicted in Marshall County, that being sexual battery, which is a similar, at least in the sexual—sexually motivated vein, to the case at hand here in Dickinson County. The defendant has been on Community Corrections. Has received one prior revocation. This Court will make the finding that a new crime has been charged. That Mr. Fairchild is a danger. And the Court finds for the safety, members of the public, it would be jeopardized if Mr. Fairchild was placed back into population.

"Further, Mr. Fairchild will not be served by an assignment to Community Corrections, as he's seen—as he has made it clear that he's not an appropriate candidate to finish that. Based upon the new conviction, based upon the prior indications of escalation, and the first motion to revoke probation, the Court will find that your probation, Mr. Fairchild, is revoked."

Thereafter, Fairchild timely filed a notice of appeal.

ANALYSIS

On appeal, Fairchild contends that the district court abused its discretion by refusing to reinstate his probation for two reasons: (1) his mental health condition could be better treated in the community; and (2) he had demonstrated his ability to succeed on probation despite a new misdemeanor conviction. In this case, the district court's decision to revoke Fairchild's probation and to impose the underlying sentence was discretionary. See K.S.A. 2020 Supp. 22-3716(c); *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020).

3

A district court abuses its discretion only if (1) no reasonable person would take the view adopted by the district court; (2) it stems from an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting that the district court abused its discretion—in this case Fairchild—bears the burden of showing such abuse. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). Reviewing the record on appeal in light of these standards, we find no abuse of discretion.

Although Fairchild argues that the district court's decision to revoke his probation was unreasonable, the record reveals that he violated his probation more than once and in multiple ways. Moreover, the district court had already imposed a 60-day jail sanction for Fairchild's prior violations. Fairchild does not dispute that he was convicted of a new crime—sexual battery—in July 2020. Under these circumstances, the district court had the statutory authority to revoke Fairchild's probation and to order him to serve his original sentence. See K.S.A. 2020 Supp. 22-3716(c)(7)(C).

A review of the record reveals that the State presented substantial evidence upon which the district court could reasonably conclude that Fairchild not only violated the terms of his probation by committing a new crime but also that he was not a suitable candidate for probation. The record reflects that the district court graciously gave Fairchild the opportunity to succeed on probation. Unfortunately, he failed to do so and continued to violate the terms of his probation—even after serving an intermediate sanction.

Like the district court, we find it significant that Fairchild's new crime was similar to the crime he committed in this case. We also agree with the district court that it is significant that Fairchild continued to act aggressively while on probation. In light of the evidence presented regarding Fairchild's multiple violations of the terms of his probation as well as his conviction of a new crime, we conclude that the district court acted

reasonably in revoking Fairchild's probation and in requiring him to serve his underlying sentence. Likewise, we do not find that the district court made an error of law or fact. Accordingly, we affirm the district court's decision.

Affirmed.